IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-225-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| LONNELLE ANTONIO ARRINGTON, ) | |
| ) | |
| Defendant. ) | |

This case came before the court yesterday for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Raleigh Police Department who serves as task force officer with the Drug Enforcement Administration. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in three counts of a five-count indictment on 13 September 2016 with: conspiracy to distribute and possess with the intent to distribute a quantity of cocaine base (*i.e.*, crack) beginning on a date unknown and continuing up to 16 June 2016 in violation of 21

U.S.C. § 846 (ct. 1); distribution and possession with intent to distribute a quantity of crack on or about 25 May 2016 in violation of 21 U.S.C. § 841(a)(1) (ct. 3); and distribution and possession with intent to distribute 28 grams or more of cocaine base on or about 16 June 2016 in violation of 21 U.S.C. § 841(a)(1) (ct. 4). The evidence presented at the hearing showed that the charges arise from statements by a confidential source implicating defendant in drug trafficking and two subsequent audio- and video-recorded controlled purchases of crack from defendant on 25 May 2016 (5.47 grams) and 16 June 2016 (41.99 grams), respectively. Defendant admitted to the confidential source that he had cooked the crack sold in the June purchase.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the potential term of imprisonment defendant faces if convicted, the quantity of crack involved, the recency of the alleged offenses, and defendant's alleged commission of the offenses while on state probation; defendant's criminal record, including 4 felony convictions (for which he served over 7 years of pretrial and post-judgment imprisonment from October 2007 (when he was 18 years old) to about March 2014 (when he was 24 )) and 2 misdemeanor convictions; the danger of continued drug trafficking by defendant if released; the lack of any extended period during which defendant has demonstrated that he can live crime free as an adult; the apparent failure of the extended prison term defendant served to deter him from

further felonious criminal activity; the unsuitability of the proposed third-party custodial arrangement due to the dependence of the proposed custodian (who is disabled) on defendant for personal care, her testimony that defendant was "framed" for his felony convictions, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the lack of documented violations by defendant of state probation other than the offenses alleged herein. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 22nd day of September 2016.

_____
James E. Gates
United States Magistrate Judge